AMBROSE J. McNAMARA, Plaintiff, *v.* HERBERT S. POWELL and POWELL MUFFLER Co., INC., Successor to POWELL MUFFLER Co., Defendants.

Fourth Department, January 14, 1942.

*Ambrose J. McNamara*, in person [*Albert F. Averbach* of counsel], for the plaintiff.

*M. William Bray*, for the defendants.

PER CURIAM. Plaintiff recovered an interlocutory judgment against defendants directing them to account to plaintiff for the profits made from the manufacture and sale of an automobile muffler on which plaintiff claims a patent. The judgment required the defendants to file an account of such profits, and this court, on November 10, 1939 (258 App. Div. 848), made an order which required said account to be filed on or before December 7, 1939. Defendants, claiming to be unable to prepare and file said account within the required time, made application to this court for an extension of time in which to file their account. This court, on December 1, 1939, made an order (258 App. Div. 928) which reads: " Motion granted so far as to enlarge the time to file the accounting hereinbefore provided so as to include the 1st day of February, 1940, upon the following terms:— That the defendants pay to plaintiff the sum of fifty dollars for expenses in relation to this motion, and further that defendants pay to plaintiff *from this day forth* the sum of sixty dollars per week, to be finally credited upon the judgment, if any, obtained by the plaintiff."

A further extension of time to file their account was afterward granted to defendants upon plaintiff's stipulation, " upon the same conditions " as those mentioned in the order of December 1, 1939. Defendants performed all the conditions imposed by said order and stipulation and their account was finally filed, and objections to it have, for many months, been the subject of litigation before an official referee.

As soon as the account was filed defendants ceased to pay to plaintiff the sixty dollars per week, and plaintiff ceased, until recently, to demand the same. It is the contention of defendants that the payment of sixty dollars a week to plaintiff was a condition imposed for granting to them the favor of an extension of time in which to file their account. Plaintiff, though for many months

apparently concurring in that view, now claims that the order to pay sixty dollars a week "from this day forth" was intended to compel defendants to pay to plaintiff sixty dollars a week to the end of the litigation, however long that may be, and regardless of the result of the litigation over the account.

The practice, in matrimonial actions, of compelling the husband to support the wife *pendente lite* is based upon the duty of the husband to support his wife, during marriage, regardless of the merits in their litigation. But if, in a case like the instant case, a court should attempt to compel one party to the litigation to pay the other a salary during the pendency of the litigation it would amount to the taking of property without due process of law. The only justification for the order, in the first place, was that defendants were asking a favor which if granted would result in delaying the progess of the litigation, and postponing the day when plaintiff could scan the account and object to it if he wished to do so. It was never intended to mean that plaintiff should enjoy a permanent income at the expense of defendants, to be credited upon a judgment which he may or may not recover. For a long time, plaintiff himself, by his conduct, concurred in this view.

The order of December 1, 1939, should be resettled, as of the date of its entry, so as to add, after the words, "from this day forth," and before the words, "the sum of sixty dollars per week," the words, "until the 1st day of February, 1940." Neither party should have costs of this motion.

All concur. Present — CROSBY, P. J., TAYLOR, HARRIS and McCURN, JJ.

Order of December 1, 1939, resettled as of the date of its entry so as to add after the words, "from this day forth," and before the words, "the sum of sixty dollars per week," the words, "until the 1st day of February, 1940," without costs of this motion to any party.